**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-5176**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BERTIL DESMOND JAMES,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District Judge.  (9:07-cr-01229-SB-1)

_____

Submitted:  October 27, 2009       Decided:  December 4, 2009

_____

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

James W. Smiley, IV, LAW OFFICES OF JAMES W. SMILEY, IV, Charleston, South Carolina, for Appellant.  W. Walter Wilkins, United States Attorney, Alston C. Badger, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bertil Desmond James entered a conditional guilty plea to possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), reserving his right to challenge the district court's denial of his motion to suppress eleven kilograms of cocaine seized from the vehicle he was driving and any inculpatory statements made to law enforcement officers during the vehicle search. James was sentenced to 120 months' imprisonment. Finding no error, we affirm.

On appeal, James's counsel contends that the district court erred in denying the motion to suppress. We review the factual findings underlying the denial of a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009). The evidence is construed in the light most favorable to the prevailing party below. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

James was stopped by Officer Joshua Small for traveling 114 miles per hour on Interstate 95. Appellate counsel does not challenge the inception or the duration of the traffic stop. Rather, counsel contends that the district court erroneously concluded that James consented to the search of the vehicle he was driving and the luggage therein.

2

The Fourth Amendment does not prohibit all searches and seizures, merely those found to be unreasonable. Florida v. Jimeno, 500 U.S. 248, 250 (1991). Although a warrantless search generally "is *per se* unreasonable[,] . . . one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (internal quotation marks and citations omitted). When consent to search a particular area is "general and unqualified," it extends to closed containers located within that area. United States v. Jones, 356 F.3d 529, 534 (4th Cir. 2004); see also Jimeno, 500 U.S. at 251-52 (determining that if it is reasonably understood that consent extends to a container within a vehicle, explicit authorization is not required). However, "general, blanket consent to search . . . by itself would not permit officers to *break into* a locked container located within the area being searched." Jones, 356 F.3d at 534 (emphasis in original).

Here, James informed Officer Michael Brewton that law enforcement could search the vehicle he was driving. While this information was not specifically conveyed to the other officers on the scene prior to the initiation of the search, this does not render the consent invalid. Moreover, Brewton testified that he would have instructed the officers to stop the search if

3

James had not consented. Although the luggage found in the vehicle was locked, officers did not force it open. James informed Brewton that his wife, a passenger, had the keys, and in the meantime Mrs. James had willingly unlocked a bag and turned the keys over to Small, without objection from James. His "failure to object (or withdraw his consent) . . . is a strong indicator that the search was within the proper bounds of the consent search." Jones, 356 F.3d at 534.

To the extent counsel argues that the Government's witnesses were incredible because their testimony contradicted James's testimony, it is not the province of this court to second-guess the credibility determinations of the factfinder. See United States v. Wilson, 484 F.3d 267, 283 (4th Cir. 2007). Therefore, we conclude the district court's factual determinations were not clearly erroneous and that the court properly denied the motion to suppress.[*]

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[*] Because we have concluded that James consented to the search, we decline to address counsel's alternative arguments.

4

before the court and argument would not aid the decisional process.

AFFIRMED